*699 WEAVER, J.
Plaintiff filed this action seeking a determination of paternity for a child conceived while the child’s mother was married to another man. Plaintiff alleges that the child was not an issue of the marriage, because he is the child’s biological father. The question presented is whether plaintiff has standing under the Paternity Act, MCL 722.711 et seq., to seek a determination of paternity. To resolve this question in this case, we must decide whether a default judgment of divorce that states it appears that “no children were born of this marriage and none are expected” is a sufficient judicial determination that the subject child was not the issue of the marriage.
We reverse the judgment of the Court of Appeals and hold that plaintiff does not have standing under the Paternity Act because the default judgment is not clear and convincing evidence that the child was not an issue of the marriage. We remand this case to the circuit court for the entry of an order of summary disposition for the defendant.
i
Defendant-appellant Kim K. Jeudevine married James V. Charles III on July 11, 1996. Sometime before Charles filed for divorce and before defendant was served with the divorce complaint on August 12, 1998, defendant learned that she was pregnant. Defendant did not inform her husband that she was pregnant. Plaintiff Michael J. Barnes, Jr., alleges that he is the child’s biological father.
Defendant did not respond to the complaint for divorce and did not appear at the divorce hearing. A default judgment of divorce was entered on November 2, 1998. The default judgment provides:
*700 [I]t satisfactorily appears to this Court that there has been a breakdown in the marriage relationship to the extent that the objects of matrimony have been destroyed, and there remains no reasonable likelihood that the marriage can be preserved; it further appearing that no children were born of this marriage and none are expected.
On February 26, 1999, four months after the divorce was final, defendant gave birth. A birth certificate identifies plaintiff as the child’s father and an affidavit of parentage signed by plaintiff and defendant the day after the child’s birth states that plaintiff is the father.[1] Plaintiff and defendant lived together and raised the child for over four years, until the summer of 2003, when plaintiff and defendant ended their relationship. Defendant has not allowed plaintiff to see the child since they stopped living together.
On September 30, 2003, plaintiff filed a paternity action against defendant, alleging that he was the father of defendant’s child. To support his contention, plaintiff cites the judgment of divorce between Charles and defendant that states “that no children were born of this marriage and none are expected.” Plaintiff also cites the affidavit of parentage and the birth certificate identifying plaintiff as the father of the child.
Defendant answered plaintiffs paternity action on October 22, 2003. She neither admitted nor denied plaintiffs claimed paternity. However, defendant denied that the child was born “out of wedlock,” because the child had been conceived while she was legally married to Charles. Defendant admitted signing the *701 affidavit of parentage and the birth certificate, but claimed that she did so under duress.
On November 10, 2003, a hearing was held in the Family Division of the Kalamazoo Circuit Court. The court granted defendant’s motion for summary disposition, concluding that plaintiff did not have standing to sue under the Paternity Act. The court found (1) that the child was conceived during the marriage and (2) that there was no court determination that the child was a child born or conceived during the marriage but is not the issue of that marriage.
Plaintiff appealed, and the Court of Appeals reversed the order of the circuit court and remanded the matter to the circuit court for the reinstatement of plaintiffs claim.[2] The Court of Appeals held that the statement in the default judgment of divorce that “no children were born of this marriage and none are expected” was a determination by a court that the child was not an issue of the marriage. Therefore, the Court of Appeals held that plaintiff had standing to sue under the Paternity Act.
Defendant sought leave to appeal in this Court, and we ordered the clerk to schedule oral argument pursuant to MCR 7.302(G)(1) to determine whether to grant the defendant’s application.[3] We asked the parties to include among the issues to be addressed:
(1) [Wlhether plaintiff lacked standing to proceed under the Paternity Act, MCL 722.711 et seq., where the subject child’s mother was married at the time of the child’s conception, see Girard v Wagenmaker, 437 Mich 231 (1991); and (2) whether the default judgment of divorce *702 amounted to a judicial determination that the child was born or conceived during the marriage but was not the issue of the marriage.
II
We review a trial court’s decision to grant summary disposition de novo. Wilson v Alpena Co Rd Comm, 474 Mich 161; 713 NW2d 717 (2006). Whether plaintiff has standing to bring a paternity action is a question of law that we also review de novo. In re KH, 469 Mich 621; 677 NW2d 800 (2004).
hi
The Paternity Act, MCL 722.711 et seq., confers on the circuit court jurisdiction over proceedings involving the determination of a child’s paternity. One purpose of the act relevant to this case is to assure, for the sake of the child, that the child’s legitimacy will not be decided by mere casual inference, but only after specific statutory procedures are followed. To this end, the act provides that a mother, a father, or in certain circumstances, the Department of Human Services, may bring an action in circuit court to establish paternity of a child, if that child is alleged to have been “born out of wedlock.” MCL 722.714.
The Paternity Act defines “[c]hild born out of wedlock” as
a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child that the court has determined to be a child born or conceived during a marriage but not the issue of that marriage. [ MCL 722.711(a).]
Thus, to establish that the child was born out of wedlock, plaintiff must prove that either (1) the child *703 was not born or conceived during the mother’s marriage, or (2) though the child was born or conceived during a marriage, a court has determined that the child was not the issue of the marriage.
Plaintiff filed this action alleging that he is the biological father of the defendant’s child. However, it is undisputed that defendant was married to another man when the child was conceived. Plaintiff gave birth just four months after her divorce was final. Therefore, to have standing to seek a determination of paternity, it is necessary for plaintiff to establish that a court “has determined” that there was a child born or conceived during the marriage and that the child was not an issue of the marriage. We recently reemphasized that “[t]he presumption that children born or conceived during a marriage are the issue of that marriage is deeply rooted in our statutes and case law.” In re KH, supra at 634. The presumption of legitimacy can be overcome only by a showing of clear and convincing evidence. Id. at 634 & n 24.
In Girard v Wagenmaker, supra at 243, this Court held that in order for a biological father to establish standing under the Paternity Act, there must be a “prior court determination that a child is born out of wedlock.” The requirement that there be a prior court determination is consistent with the language of the statute, MCL 722.711(a). As analyzed in Girard, supra at 242 (citations omitted):
“[H]as determined” is the present perfect tense of the verb “determine.” The present perfect tense generally “indicates action that was started in the past and has recently been completed or is continuing up to the present time,” or shows “that a current action is logically subsequent to a previous recent action.”
*704 Girard noted that requiring a prior determination that a child is not an issue of a marriage comports with Michigan’s longstanding presumption that children born or conceived during a marriage are legitimate issue of the marriage. Girard, supra at 246 (citing Serafin v Serafin, 401 Mich 629, 636; 258 NW2d 461 [1977]).
In this case, the question is whether the circuit court’s statement in the judgment of divorce that there appeared to be no children born of or expected from the marriage was a court determination of sufficient specificity to lead to the conclusion that this child was not an issue of the marriage. Plaintiff asserts that this statement in the judgment of divorce qualifies as a court determination that the child was born out of wedlock and is not an issue of the marriage. We disagree. A “determination” is that which sets the limits to or the bounds of something. Webster’s New World Dictionary (3d ed), p 375. In its legal sense, a “determination” is that which “implies an ending or finality of a controversy or suit.” Black’s Law Dictionary (6th ed), p 450. To overcome the strong presumption of the legitimacy of a child born or conceived during a marriage, a court determination must settle with finality a controversy regarding the child’s legitimacy.
This Court held as much in Girard, supra at 243, by concluding that where there was “[n]o previous action . . . undertaken to determine the child’s paternity [and] no ongoing actions... to determine the child’s paternity,” there was no prior court determination that a child was not the issue of a marriage. Because there had been no previous action to determine that the child was born out of wedlock, Girard held that a putative father did not have standing to seek paternity under the Paternity Act. Similarly, we stated in In re KH:
*705 By requiring a previous determination that a child is born out of wedlock, the Legislature has essentially limited the scope of parties who can rebut the presumption of legitimacy to those capable of addressing the issue in a prior proceeding — the mother and the legal father .... If the mother or legal father does not rebut the presumption of legitimacy, the presumption remains intact, and the child is conclusively considered to be the issue of the marriage despite lacking a biological relationship with the father. [In re KH, supra at 635.]
Consistent with Girard and In re KH, we hold that a court determination under MCL 722.711(a) that a child is not “the issue of the marriage” requires that there be an affirmative finding regarding the child’s paternity in a prior legal proceeding that settled the controversy between the mother and the legal father.
In this case, the dissents assert that the legal findings necessary to meet the “prior adjudication” requirement for a paternity suit are established by the default judgment. The Court of Appeals correctly recognized that “[a] default judgment is just as conclusive an adjudication and as binding upon the parties of whatever is essential to support the judgment as one which has been rendered following answer and contest.” Perry & Derrick Co, Inc v King, 24 Mich App 616, 620; 180 NW2d 483 (1970). However, we disagree with the Court of Appeals conclusion and the dissents’ assertion that the judgment of divorce in this case constitutes a “court determination” that the child was not an issue of the marriage under MCL 722.711(a). The holding in the default judgment that there were no children of the marriage simply does not address the similar but distinct question whether there was a child born or conceived during the marriage, and whether it was the issue of the marriage.
*706 In short, there have been no legal actions addressing the subject child’s paternity. The circuit court stated in the judgment of divorce merely that it appeared no children were born or expected of the marriage. The court’s statement does not support a conclusion that “the court has determined [the child] to be a child born or conceived during a marriage but not the issue of the marriage.” MCL 722.711(a). This conclusion is underscored by the requirement that a court find clear and convincing evidence that a child is not the issue of a marriage to overcome the presumed legitimacy of a child born or conceived during a marriage. In re KH, supra at 634 n 24. The circuit court did not make a finding that there was a child born or conceived during the marriage that was not an issue of the marriage. It, therefore, cannot be reasonably asserted that there was clear and convincing evidence of such a finding. For these reasons also, the court’s statement that it appeared that no children were born or expected of the marriage is not a sufficient court determination that there was a child conceived during the marriage that was not an issue of the marriage.
Plaintiff also argues that the affidavit of parentage and the birth certificate assist him in his claim. Plaintiff argues that even if the judgment alone is insufficient, he should prevail because of the admissions inherent in these documents. We disagree. It was acknowledged in the affidavit of parentage and in the birth certificate that plaintiff was the biological father of the child. Yet, despite these documents, the child is still presumed to be a legitimate issue of the marriage. An affidavit of parentage is a stipulation by a woman of a man’s paternity under the Acknowledgment of Parentage Act, MCL 722.1001 et seq. This is not a court determination that the child was born out of wedlock, as is required under either the Paternity Act or the Acknowledgment *707 of Parentage Act. Both acts provide that a child is born out of wedlock only when (1) the woman was not married at the time of the conception and birth, or (2) a court previously determined that the child was not an issue of the marriage. Further, a birth certificate is also not a court determination that the child was not an issue of the marriage. For these reasons, the affidavit of parentage and the birth certificate do not rebut the presumption that the child was an issue of defendant’s marriage to Charles. Charles is and remains the child’s legal father, and it is incorrect to suggest our decision leaves this child without a father.
In this case, the subject child is presumed to be the issue of the marriage because the child was conceived during the marriage. The presumption remains until rebutted by clear and convincing evidence to the contrary. Consequently, the party wishing to overcome the presumption must present evidence that the child, despite the date of its conception, is not the issue of the marriage and a court must so hold. The circuit court’s statement in the judgment of divorce that it appeared that there would be no children does not rebut that presumption. Further, the legal father, Charles, never renounced the presumption of legitimacy. Because the child was not conceived outside of marriage, and because there is no prior court determination that the child is not an issue of the marriage, we hold that plaintiff does not have standing under the Paternity Act.
For these reasons, we reverse the judgment of the Court of Appeals and remand to the circuit court for entry of an order of summary disposition for defendant.
Taylor, C.J., and Corrigan and Young, JJ., concurred with Weaver, J.

 The affidavit of parentage states that by signing the document, the mother of the child admits that “she was not married when this child was born or conceived; or that this child, though born or conceived during a marriage, is not an issue of that marriage as determined by a court of law.”

 Unpublished opinion per curiam, issued August 23, 2005 (Docket No. 252840).

 474 Mich 1056 (2006).