# Order

Michigan Supreme Court
Lansing, Michigan

June 3, 2011

142686-7

ANTHONY S. PECORARO,
        Plaintiff-Appellant,

v

GINA ROSTAGNO-WALLAT,
        Defendant-Appellee,

and

JEFFREY C. WALLAT,
        Defendant-Appellee.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 142686-7
COA: 293355; 293445
Wayne CC Family Div:
08-160479-DC

On order of the Court, the application for leave to appeal the January 18, 2011 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal.

CAVANAGH and HATHAWAY, JJ., would grant leave to appeal.

MARILYN KELLY, J. (*dissenting*).

This is an action under the paternity act[1] in which plaintiff seeks custody rights involving his daughter. The Court of Appeals reversed the trial court judgment and dismissed the case finding that plaintiff lacked standing.

The case presents two issues of jurisprudential significance. The first concerns an order of filiation issued and affirmed in the New York courts holding that plaintiff is the biological parent of the child involved here. The issue is whether the order should be recognized in Michigan courts pursuant to the Full Faith and Credit Clause of the United States Constitution.[2] The second issue is whether the Court of Appeals properly

---

[1] MCL 722.711 *et seq.*

[2] US Const, Art IV, § 1.

interpreted MCL 722.711(1)(a) when it ruled that the order's validity hinges on the child's legal father being a party in the New York action.

In Michigan, a putative father lacks standing to bring an action under the paternity act unless he can demonstrate that the child in question was born out of wedlock.[3] MCL 722.711(1)(a) provides two methods for the putative father to satisfy standing. The first is to show that the mother was not married from the date of the child's conception until the child's birth. The second is to show that the court determined that the child was born or conceived during a marriage but was not an issue of the marriage.

In this case, it is unquestioned that defendants, the child's mother and her husband, were married from the date of the child's conception until her birth. There is also no question that, after the child's birth and before bringing a paternity action in Michigan, plaintiff obtained an order of filiation from a New York court. The order shows that plaintiff is the child's biological father, hence the child is not an issue of the mother's marriage.

The Michigan circuit court found that plaintiff had standing in the paternity act lawsuit by virtue of the New York order of filiation. It afforded the order full faith and credit to show that the child was born while the mother was married to a man who was not the child's biological father.

The Court of Appeals reversed the circuit court on both issues.[4] It relied on *Barnes v Jeudevine*[5] in finding that plaintiff lacked standing. The Court of Appeals found that the fact that the mother's husband was not a party to the New York action was a fatal flaw in the order of filiation. As a consequence, it reasoned, there was no valid prior court determination that the child had been born out of wedlock. It further concluded that, because the mother's husband was not a party, the order was not entitled to full faith and credit by a Michigan court.[6]

Plaintiff appeals in this Court asserting that the circuit court should have given full faith and credit to the New York order. I am not convinced that the Court of Appeals

---

[3] MCL 722.711(1)(a) defines: "child born out of wedlock" as a "child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child that the court has determined to be a child born or conceived during a marriage but not the issue of that marriage."

[4] *Pecoraro v Rostagno-Wallat*, ___ Mich App ___, ___ (Docket No. 293355, issued January 18, 2011), slip op at 8.

[5] 475 Mich 699 (2006).

[6] *Pecoraro*, ___ Mich App at ___, slip op at 8.

properly concluded that the order was not entitled to full faith and credit. Moreover, if it was entitled to full faith and credit, the Court of Appeals may have erred in holding that the legal father was a necessary party to the New York proceeding.

After plaintiff lawfully filed his lawsuit seeking the order in New York, the case was finally adjudicated there. If the order is not afforded the protections of the Full Faith and Credit Clause in the paternity action in Michigan, it will have been effectively collaterally attacked in Michigan and rendered useless here.

Defendant argues accurately that plaintiff could not have obtained an order of filiation in Michigan. But that is not the test to determine whether the New York order should be given full faith and credit in this state.[7] Plaintiff did have standing in the New York action. Moreover, the Paternity Act states that we must give orders of filiation of other states the same effect as if they were obtained in Michigan.[8]

I also question the court-created requirements that the court determination necessary for standing under MCL 722.711(1)(a) must have been made in a prior proceeding between the mother and her husband. These requirements are not found in the language of MCL 722.711(1)(a) or in any other statute.

For the reasons given here, I believe that the Court should grant leave to appeal.

ZAHRA, J., did not participate because he was on the Court of Appeals panel.

---

[7] "'In numerous cases this Court has held that credit must be given to the judgment of another state although the forum would not be required to entertain the suit on which the judgment was founded.' . . . Regarding judgments, . . . the full faith and credit obligation is exacting. A final judgment of one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Baker v General Motors Corp*, 522 US 222, 232-233; 118 S Ct 657; 139 L Ed 2d 580 (1998) (citations omitted).

[8] MCL 722.714b states, "The establishment of paternity under the law of another state has the same effect and may be used for the same purposes as an acknowledgment of paternity or order of filiation under this act."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 3, 2011

_Corbin R. Davis_
Clerk

p0531