# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
John O. Juroszek

## PEOPLE v ZAJACZKOWSKI

Docket No. 143736. Argued October 10, 2012 (Calendar No. 5). Decided December 19, 2012.

Jason J. Zajaczkowski pleaded guilty in the Kent Circuit Court, James R. Reford, J., to a charge of first-degree criminal sexual conduct under MCL 750.520b(1)(b)(*ii*) (victim and defendant related by blood or affinity to the fourth degree). The plea was conditioned on defendant's being permitted to appeal with regard to the issue whether the undisputed facts established that he committed only third-degree criminal sexual conduct, MCL 750.520d(1)(a). The facts indicate that defendant was born in 1977 during the marriage of Walter and Karen Zajaczkowski. Walter and Karen divorced in 1979. The divorce judgment referred to defendant as the minor child of the parties. In 1992, Walter had a child with another woman; that child was the victim in this case. In 2007, when defendant was approximately 30 years old and the victim was 14 years old, the criminal sexual conduct occurred. Subsequent genetic testing indicated that Walter was not defendant's biological father. The Court of Appeals granted defendant's delayed application for leave to appeal. The Court of Appeals affirmed, ruling that because defendant was conceived and born during his mother's marriage to the victim's father, a strong presumption of legitimacy arose that defendant lacked standing to challenge and, as a result, defendant and the victim were related by blood as a matter of law. 293 Mich App 370 (2011). The Supreme Court granted defendant's application for leave to appeal. 490 Mich 1004 (2012).

In a unanimous opinion by Justice HATHAWAY, the Supreme Court *held*:

The elements of first-degree criminal sexual conduct under MCL 750.520b(1)(b)(*ii*) are (1) a sexual penetration, (2) a victim who is at least 13 but less than 16 years of age, and (3) a relationship by blood or affinity to the fourth degree between the victim and the defendant. In this case, defendant did not dispute that the first two elements were met, and the prosecution conceded in the Court of Appeals that there was no evidence of a relationship by affinity between the victim and the defendant. A relationship by blood means a relationship between persons arising by descent from a common ancestor or a relationship by birth rather than marriage. The DNA evidence established that the victim's father was not defendant's biological father. Accordingly, defendant was not related to the victim by blood to the fourth degree and the prosecution could not establish the relationship element of the crime. The Court of Appeals erred by applying the civil presumption of legitimacy in this criminal case when nothing in the statutory language indicates that a relationship by blood may be established using that presumption. Defendant was improperly convicted of first-degree criminal sexual conduct.

Conviction of first-degree criminal sexual conduct vacated; case remanded for entry of a conviction of third-degree criminal sexual conduct in accordance with defendant's plea agreement and for resentencing.

©2012 State of Michigan

# Opinion

Chief Justice:    Justices:

Robert P. Young, Jr.    Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

FILED DECEMBER 19, 2012

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 143736

JASON JOSEPH ZAJACZKOWSKI,

Defendant-Appellant.

BEFORE THE ENTIRE BENCH

HATHAWAY, J.

At issue in this case is whether defendant was properly convicted of first-degree criminal sexual conduct under MCL 750.520b(1)(b)(*ii*), which requires that defendant be related to the victim "by blood."[1] While it is undisputed that there is no biological relationship between defendant and the victim, the prosecution asserts that the

---

[1] A relationship by "affinity" would also satisfy the relationship element of the statute; however, the prosecution concedes that there is no relationship by affinity in this case.

relationship element of the crime has been met based on a civil presumption of legitimacy. To determine whether the prosecution is correct, we must address whether the civil presumption of legitimacy implicated by statutory and caselaw, as well as defendant's lack of standing to challenge his legitimacy under the Paternity Act, MCL 722.711 *et seq*., are relevant to whether a relationship by blood exists for purposes of establishing first-degree criminal sexual conduct.

We conclude that the prosecution cannot establish a blood relationship between defendant and the victim when the undisputed evidence indicates that defendant is not biologically related to the victim. Moreover, the presumption of legitimacy cannot be substituted for a blood relationship in order to fulfill this element of the crime charged. Accordingly, we vacate defendant's conviction for first-degree criminal sexual conduct. We remand this case to the trial court for entry of a conviction of third-degree criminal sexual conduct in accordance with defendant's plea agreement entered on May 5, 2009, and for resentencing and further proceedings not inconsistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

In this case, defendant was charged with first-degree criminal sexual conduct under MCL 750.520b(1)(b)(*ii*), which provides that

[a] person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if . . . :

\* \* \*

(b) That other person is at least 13 years but less than 16 years of age and . . . :

\* \* \*

2

*(ii) The actor is related to the victim by blood or affinity to the fourth degree.* [Emphasis added.]

Defendant had sexual intercourse with the victim, who was at least 13 but less than 16 years of age at the time of the incident. The prosecution asserts that defendant is related to the victim because defendant was born during his mother's marriage to the victim's biological father, Walter Zajaczkowski. Defendant's mother and Walter were divorced in 1979. While the divorce judgment identified defendant as their child, a DNA test later revealed that Walter is not actually defendant's biological father.[2] In 1992, Walter fathered a child with another woman. That child is the victim in this case. The prosecution concedes that in light of the DNA test results, defendant is not biologically related to the victim.

Because defendant is not biologically related to the victim, defendant filed a motion in the trial court to dismiss the first-degree criminal sexual conduct charge or to reduce the charge to criminal sexual conduct in the third degree. MCL 750.520d(1)(a) governs third-degree criminal sexual conduct and provides that

> [a] person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if . . . :
>
> (a) That other person is at least 13 years of age and under 16 years of age.

The prosecution opposed defendant's motion, relying on the divorce judgment between defendant's mother and Walter identifying defendant as Walter's child. The prosecution

---

[2] While the instant case was pending in the trial court, Walter's DNA was compared to defendant's DNA, and it was established that Walter is not defendant's biological father.

argued that regardless of whether defendant and Walter were related by blood, defendant is legally Walter's son.

Despite the uncontested DNA evidence, the trial court denied defendant's motion.[3] Defendant agreed to plead guilty of first-degree criminal sexual conduct on the condition that he would be permitted to appeal the issue whether the facts establish that he is only guilty of third-degree criminal sexual conduct.[4]

The Court of Appeals granted defendant's application for leave to appeal and affirmed his conviction in a published opinion.[5] On appeal, defendant argued that the relationship element of the statute could not be established because Walter is not his biological father and defendant is not related by blood to Walter's daughter, the victim. While the prosecution conceded that there is no biological relationship between defendant and the victim, the prosecution contended that defendant is nevertheless related to the victim as a matter of law because defendant has no standing to challenge the 1979 divorce judgment identifying him as Walter's child. The Court of Appeals agreed with the prosecution, concluding that the absence of a biological relationship does not affect

---

[3] The trial court reasoned that in light of the divorce judgment presented by the prosecution, defendant was Walter's child. Therefore, the trial court concluded that a relationship of affinity existed between the victim and defendant. Again, the prosecution now concedes that there is no relationship by affinity.

[4] Defendant's plea was also conditioned on an agreement that the trial court would use the sentencing guidelines for third-degree criminal sexual conduct with a fourth-offense habitual-offender enhancement. See MCL 769.12.

[5] *People v Zajaczkowski*, 293 Mich App 370; 810 NW2d 627 (2011).

4

the legal conclusion that defendant and the victim are brother and sister because they share the same *legal* father.

To reach its conclusion that defendant and the victim are related by blood to the fourth degree, the Court of Appeals relied on MCL 552.29, which states that with regard to divorce actions, "[t]he legitimacy of all children begotten before the commencement of any action under this act shall be presumed until the contrary be shown." The Court of Appeals also relied on cases from this Court involving the Paternity Act[6] and the Child Custody Act,[7] which stand for the proposition that a putative biological father lacks standing to even bring an action to establish paternity unless there has been some prior court determination that the child was not the issue of the marriage.[8] The Court of Appeals additionally referred to statutes governing intestate succession that incorporate the presumption of legitimacy and the standing requirement into intestate-succession disputes.[9]

Relying on these statutes and cases, the Court of Appeals reasoned that only defendant's mother and his legal father, Walter, have standing to rebut the presumption that defendant was the legitimate issue of their marriage. Because defendant lacks standing to challenge that he is the legitimate issue of the victim's father, the Court of

---

[6] MCL 722.711 *et seq.*

[7] MCL 722.21 *et seq.*

[8] See *Barnes v Jeudevine*, 475 Mich 696; 718 NW2d 311 (2006); *In re KH*, 469 Mich 621; 677 NW2d 800 (2004); *Girard v Wagenmaker*, 437 Mich 231; 470 NW2d 372 (1991).

[9] See MCL 700.2114(1)(a); MCL 700.2114(5).

5

Appeals concluded that "as a matter of law, defendant and the victim are related by blood—brother and sister sharing the same father."[10]  Therefore, the Court of Appeals held that defendant's conviction for first-degree criminal sexual conduct was proper. This Court granted defendant's application for leave to appeal.[11]

## II.  STANDARD OF REVIEW

This case involves the interpretation and application of a statute, which is a question of law that this Court reviews de novo.[12]

## III.  ANALYSIS

The issue before this Court is whether defendant can properly be convicted of first-degree criminal sexual conduct under MCL 750.520b(1)(b)(*ii*).  The elements that the prosecution is required to prove under this statute are: (1) sexual penetration, (2) a victim who is at least 13 years old but less than 16 years old, and (3) a relationship by blood or affinity to the fourth degree between the victim and the defendant.    Defendant does not dispute that the first two elements have been met, and the prosecution conceded in the Court of Appeals that there is no evidence of a relationship by affinity between the victim and defendant.  Thus, the only issue we address is whether a relationship by blood to the fourth degree can be established in the face of undisputed DNA evidence indicating that defendant is not biologically related to the victim.  The Court of Appeals concluded

---

[10] *Zajaczkowski*, 293 Mich App at 377.

[11] *People v Zajaczkowski*, 490 Mich 1004 (2012).

[12] *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011); *Miller-Davis Co v Ahrens Constr, Inc*, 489 Mich 355, 361; 802 NW2d 33 (2011).

6

that the relationship element can be established in such a situation. We disagree with this analysis because it is not supported by the plain language of the statute at issue, MCL 750.520b(1)(b)(*ii*).

When interpreting statues, this Court must "ascertain and give effect to the intent of the Legislature."[13] The words used in the statute are the most reliable indicator of the Legislature's intent and should be interpreted on the basis of their ordinary meaning and the context within which they are used in the statute.[14] For a defendant to be convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(*ii*) requires that the defendant and the victim be related "by blood or affinity . . . ." Because these terms are not expressly defined anywhere in the statute, they must be interpreted on the basis of their ordinary meaning and the context in which they are used.

A relationship by "blood" is defined as "a relationship between persons arising by descent from a common ancestor"[15] or a relationship "by birth rather than by marriage."[16] Moreover, as the Court of Appeals correctly noted, the context in which the term "by blood" is used in the statute indicates that it is meant as an alternative to the term "by affinity." This Court has defined "affinity" as

> the relation existing in consequence of marriage between each of the married persons and the blood relatives of the other, and the degrees of affinity are computed in the same way as those of consanguinity or kindred.

---

[13] *People v Koonce*, 466 Mich 515, 518; 648 NW2d 153 (2002).

[14] *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999).

[15] Black's Law Dictionary (8th ed), p 182.

[16] *Random House Webster's College Dictionary* (2001), p 145.

A husband is related, by affinity, to all the blood relatives of his wife, and the wife is related, by affinity, to all the blood relatives of the husband.[17]

Under the statutory language, the third element of MCL 750.520b(1)(b)(*ii*) can *only* be met if defendant is related to the victim in one of two ways—by blood or by affinity. The conclusive DNA evidence establishes that the victim's father is not defendant's biological father. Defendant and the victim simply do not share a relationship arising by descent from a common ancestor, and they are not related by birth. Accordingly, defendant is not related to the victim by blood to the fourth degree. Therefore, when interpreting the language of the statute in light of its ordinary meaning and the context in which it is used, we conclude that the prosecution cannot establish the relationship element of MCL 750.520b(1)(b)(*ii*).[18]

While the Court of Appeals acknowledged the ordinary meaning of a relationship "by blood or affinity," it then applied the civil presumption concerning the legitimacy of a child in order to conclude that defendant and the victim are related by blood as a matter of law. However, nothing in the language of MCL 750.520b(1)(b)(*ii*) indicates that a relationship by blood can be established through this presumption. In reaching its conclusion, the Court of Appeals went beyond the statute's language and changed the

---

[17] *Bliss v Caille Bros Co*, 149 Mich 601, 608; 113 NW 317 (1907).

[18] The prosecution has raised the argument that this interpretation will result in unintended consequences regarding adopted children because if the blood relationship element can only be established through a biological relationship, then a sexual penetration committed by a member of an adoptive family against an adopted minor child may not be punishable under MCL 750.520b(1)(b)(*ii*). While we acknowledge that the prosecution raises valid policy concerns, such policy concerns are best left to the Legislature to address. It is this Court's duty to enforce the clear statutory language that the Legislature has chosen.

ordinary meaning of the statute's terms by adding language that the Legislature did not include.

Given that this case does not involve an action to establish paternity, challenge child custody arrangements, or dispute intestacy issues, we find it unnecessary to stray from this criminal statute's plain and unambiguous language. The question whether the relationship element of the statute can be established does not require a determination of whether defendant is deemed "legitimate" for any of the stated civil-law purposes or contexts in which the presumption of legitimacy has been implicated.[19] Moreover, we decline to conclude as a matter of law that defendant shares a common ancestor with the victim and is thereby related to the victim by blood merely because defendant may be considered the issue of his mother's marriage to the victim's father for legitimacy purposes.[20] Such a conclusion would require this Court to extend the civil presumption of legitimacy to this criminal statute when the Legislature clearly has not done so.

_____

[19] "This presumption vindicates a number of interests, not the least of which include the interest of the child in not having his or her legitimacy called into question, the interest of the state in ensuring that children are properly supported, and the interest of both in assuring the effective operation of intestate succession." *Barnes*, 475 Mich at 715 (MARKMAN, J., dissenting).

[20] However, we do not hold that evidence indicating that a person was born during a marriage may never be admissible in a criminal prosecution to show that the person is the natural child of his legal parents. We acknowledge that when the prosecution alleges that the defendant and the victim are related by blood because they have the same father, evidence that the defendant was born during the marriage of his legal parents would make the existence of a blood relationship between the defendant and the victim more probable. See MRE 401; MRE 402. Thus, while the civil presumption of legitimacy cannot be used in a criminal case to conclusively establish a blood relationship, in the absence of a determinative DNA test, the prosecution may use evidence that a person was born during a marriage as evidence that the defendant is related to the victim by blood to the fourth degree.

9

Because the elements of first-degree criminal sexual conduct under MCL 750.520b(1)(b)(*ii*) cannot all be met, we conclude that defendant was not properly convicted of that crime.[21]

## IV. CONCLUSION

In light of the undisputed evidence indicating that defendant is not biologically related to the victim, we conclude that the prosecution cannot establish a blood relationship between defendant and the victim. Moreover, the presumption of legitimacy cannot be substituted for a blood relationship in order to establish this element of the crime charged. Accordingly, we vacate defendant's conviction for first-degree criminal sexual conduct. We remand this case to the trial court for entry of a conviction of third-degree criminal sexual conduct in accordance with defendant's plea agreement entered on May 5, 2009, and for resentencing and further proceedings not inconsistent with this opinion.

> Diane M. Hathaway
> Robert P. Young, Jr.
> Michael F. Cavanagh
> Marilyn Kelly
> Stephen J. Markman
> Mary Beth Kelly
> Brian K. Zahra

---

[21] Defendant additionally argues that he is entitled to credit against the sentence imposed in this case for the time he spent in jail between his arrest and sentencing. Because defendant was on parole at the time he committed the offense at issue, we agree with the Court of Appeals that his argument fails under this Court's decision in *People v Idziak*, 484 Mich 549; 773 NW2d 616 (2009).