*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LATIELYA QUENETTE WILLIAMS,

Defendant-Appellant.

FOR PUBLICATION
April 13, 2026
9:39 AM

No. 370658
Berrien Circuit Court
LC Nos. 2019-002976-FY;
          2016-005367-FY

Before: O'BRIEN, P.J., and FEENEY and WALLACE, JJ.

O'BRIEN, P.J.

Defendant appeals by leave granted[1] the order denying in part her petition to set aside her prior convictions under the setting aside convictions act (SACA), MCL 780.621 *et seq*. At issue on appeal is whether the trial court correctly determined that plaintiff's two misdemeanor convictions that were initially charged as felonies constituted "serious misdemeanors" within the meaning of MCL 780.811(1)(a)(*xxiii*). We affirm.

## I. BACKGROUND

Defendant filed a motion to set aside four prior convictions: two convictions were for operating a motor vehicle with a suspended license (one in 2013, the other in 2017), the third conviction was for false pretenses in 2017, and the fourth conviction was for embezzlement in 2020. The court set aside defendant's convictions for operating a motor vehicle with a suspended license, and it is only the latter two convictions at issue in this appeal.

With respect to the false-pretenses conviction, defendant was originally charged with uttering and publishing a false instrument in violation of MCL 750.249, and she later pleaded guilty to false pretenses involving the use of an instrument valued at $200 or more but less than

---

[1] *People v Williams*, unpublished order of the Court of Appeals, entered October 17, 2024 (Docket No. 370658).

$1,000 in violation of MCL 750.218(3)(a). With respect to defendant's embezzlement conviction, she was originally charged with embezzling property valued at $1,000 or more but less than $20,000 in violation of MCL 750.174(4)(a), and she later pleaded guilty to embezzling property valued at $200 or more but less than $1,000 in violation of MCL 750.174(3)(a).

After defendant applied to set aside her convictions, the prosecution objected to the application as applied to defendant's convictions for false pretenses and embezzlement. These convictions, the prosecution argued, were both "serious misdemeanors," and MCL 780.621d(2) states that individuals seeking to set aside one or more serious misdemeanor convictions were subject to a five-year waiting period that, for defendant, had not yet elapsed. According to the prosecution, a "serious misdemeanor" under MCL 780.811(1)(a)(*xxiii*) included a violation charged as a felony but pleaded down to a misdemeanor, and defendant's convictions for false pretenses and embezzlement—while misdemeanors—were both originally charged as felonies. The trial court agreed with the prosecution and denied defendant's application to set aside her convictions for false pretenses and embezzlement.

This appeal followed.

## II. STANDARD OF REVIEW

The single issue presented in this appeal is whether the trial court properly determined that defendant's convictions for false pretenses and embezzlement were "serious misdemeanors" within the meaning of MCL 780.811(1)(a)(*xxiii*). This requires us to decide whether the trial court correctly interpreted that statute. Questions of statutory interpretation are reviewed de novo. *People v Maryanovska*, 347 Mich App 526, 530; 15 NW3d 628 (2023).

## III. PRINCIPLES OF STATUTORY INTERPRETATION

When interpreting statutes, "the goal" is to give effect to the Legislature's intent. *People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994). "The touchstone of legislative intent is the statute's language." *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). When the language of a statute is clear and unambiguous, courts must assume that the Legislature intended the statute's plain meaning and enforce the statute as written. *Id*. To the extent that a statute is ambiguous and judicial construction is necessary, the statutory language should be given the most "reasonable construction that best accomplishes the purpose of the statute." *People v Feezel*, 486 Mich 184, 205; 783 NW2d 67 (2010) (quotation marks and citation omitted).

## IV. "SERIOUS MISDEMEANOR"

Defendant filed an application to set aside her convictions under MCL 780.621d(3), which permits an application "to set aside 1 or more misdemeanor convictions, other than an application to set aside a serious misdemeanor," three years after certain events occur. MCL 780.621d(2) permits an application "to set aside 1 or more serious misdemeanor convictions . . . or 1 felony conviction" five years after certain events occur, and MCL 780.621d(1) permits an application "to set aside more than 1 felony conviction" seven years after certain events occur. MCL 780.621(c)(*i*) defines "felony" for purposes of an offense to be set aside as "a violation of a penal law of this state that is punishable by imprisonment for more than 1 year or that is designated by law to be a felony." MCL 780.621(g) defines "misdemeanor" as a violation of law that is "not a felony" or

"is punishable by imprisonment for not more than 1 year or a fine that is not a civil fine, or both." And MCL 780.621(i) defines "serious misdemeanor" as used in the SACA to mean "that term as defined in . . . MCL 780.811" of the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq*.

This brings us to the provision at issue, MCL 780.811(1)(a)(*xxiii*), which provides:

> (a) "Serious misdemeanor" means 1 or more of the following:
>
> * * *
>
> (*xxiii*) A violation charged as a crime or serious misdemeanor enumerated in subparagraphs (*i*) to (*xxii*) but subsequently reduced to or pleaded to as a misdemeanor. As used in this subparagraph, "crime" means that term as defined in [MCL 780.752].

MCL 780.752(1)(a) defines "crime" as "a violation of a penal law of this state for which the offender, upon conviction, may be punished by imprisonment for more than 1 year or an offense expressly designated by law as a felony."

There is no dispute that both of defendant's convictions at issue were initially charged as "crimes" as defined in MCL 780.752(1)(a),[2] and that the violations to which defendant pleaded guilty were misdemeanors. The central question on appeal is whether MCL 780.811(1)(a)(*xxiii*)'s language "enumerated in subparagraphs (*i*) to (*xxii*)" applies to both "crime" and "serious misdemeanor," or whether it applies only to "serious misdemeanor." If the language applies only to "serious misdemeanor" (meaning that if MCL 780.811(1)(a)(*xxiii*) is properly read as saying that a "serious misdemeanor" is "[a] violation charged as a crime . . . but subsequently reduced to or pleaded to as a misdemeanor"), then the trial court correctly determined that defendant's convictions for false pretenses and embezzlement were serious misdemeanors. But if the language applies to both "crime" and "serious misdemeanor" (meaning that if MCL 780.811(1)(a)(*xxiii*) is properly read as saying that a "serious misdemeanor" is "[a] violation charged as a crime . . . enumerated in subparagraphs (*i*) to (*xxii*) but subsequently reduced to or pleaded to as a misdemeanor"), then the trial court erred by concluding that defendant's convictions for false pretenses and embezzlement were serious misdemeanors because the crimes with which defendant was originally charged are not "enumerated in subparagraphs (*i*) to (*xxii*)" of MCL 780.811(1)(a).

The prosecution contends that the phrase "enumerated in subparagraphs (*i*) to (*xxii*)" can only apply to "serious misdemeanor" because none of the violations identified in MCL 780.811(1)(a)(*i*) through (*xxii*) are "crimes." In other words, the prosecution argues that defendant's proposed reading of MCL 780.811(1)(a)(*xxiii*) cannot be correct because it would read

---

[2] Before defendant pleaded guilty to false pretenses, she was charged with uttering and publishing in violation of MCL 750.249, which is "a felony punishable by imprisonment for not more than 15 years." And before defendant pleaded guilty to embezzling property valued at $200 or more but less than $1,000, she was charged with embezzling property valued at $1,000 or more but less than $20,000 in violation of MCL 750.174(4)(a), which is "a felony punishable by imprisonment for not more than 5 years . . . ."

the word "crimes" out of MCL 780.811(1)(a)(*xxiii*), as there are no "crimes enumerated in subparagraphs (*i*) to (*xxii*)." See *People v Miller*, 498 Mich 13, 25; 869 NW2d 204 (2015) (explaining that courts must give effect to every word in a statute and avoid interpretations that render any part of the statute inoperative). We decline to decide whether there are any "crimes" listed in subparagraphs (*i*) to (*xxii*) of MCL 780.811(1)(a) but nevertheless agree with the thrust of the prosecution's argument that the best reading of MCL 780.811(1)(a)(*xxiii*) is that the phrase "enumerated in subparagraphs (*i*) to (*xxii*)" modifies only "serious misdemeanor."

The offenses listed in MCL 780.811(1)(a)(*i*) to (*xxii*) are generally misdemeanors. Still, some of the listed offenses can be charged as felonies (and thus "crimes") under certain circumstances or for subsequent offenses. MCL 780.834(2), however, clarifies that, if the violations are charged as felonies, then they fall outside the ambit of MCL 780.811(1)(a). MCL 780.834(2), like MCL 780.811, appears in Article 3 of the CVRA, and it plainly states, "This article shall apply *only to misdemeanors* committed on or after June 1, 1988." MCL 780.834(2) (emphasis added).

"Misdemeanor" is not defined by Article 3 of the CVRA,[3] but Article 3 clearly differentiates between "serious misdemeanors" and "misdemeanors." For instance, MCL 780.811(1)(a)(*xxiii*) itself states that a violation charged as a "serious misdemeanor" but "reduced to . . . a misdemeanor" constitutes a serious misdemeanor. If a "serious misdemeanor" can be "reduced to . . . a misdemeanor," then "serious misdemeanor" must have a meaning distinct from "misdemeanor." MCL 780.834(2) does not state that Article 3 of the CVRA shall apply only to *serious* misdemeanors committed on or after June 1, 1988, and "we must give different meanings to different words and phrases used in the same statute." *In re Halliburton*, 343 Mich App 514, 520; 997 NW2d 714 (2022). We therefore conclude that, as the name suggests, "serious misdemeanors" under MCL 780.811(1)(a) can only be misdemeanors because, under MCL 780.834(2), Article 3 of the CVRA applies "only to misdemeanors." And if all of the violations listed in MCL 780.811(1)(a)(*i*) to (*xxii*) are limited to circumstances in which the violations are charged as misdemeanors, then virtually none of those violations can constitute "crimes" under MCL 780.752(1)(a).

The one possible exception to this is aggravated indecent exposure under MCL 750.335a(2)(b). MCL 780.811(a)(*xiii*) identifies "indecent exposure" under MCL 750.335a as a "serious misdemeanor." A subsection of MCL 750.335a, in turn, provides that an individual who commits an act of indecent exposure that includes certain aggravating circumstances is guilty of "a misdemeanor punishable by imprisonment for not more than 2 years," MCL 750.335a(2)(b), which constitutes a "crime" for purposes of MCL 780.752(1)(a) because the violation is punishable

---

[3] MCL 780.826(1)(a)—which is also part of Article 3 of the CVRA—does define "misdemeanor," but it states that its definition applies only as used in that section. See *People v Mazur*, 497 Mich 302, 314; 872 NW2d 201 (2015) ("By specifically limiting the applicability of this definition to certain statutory provisions, the Legislature expressed a clear intent that the definition should not be applied elsewhere.").

"by imprisonment for more than 1 year."[4]  But recall that the issue is whether "enumerated in subparagraphs (*i*) to (*xxii*)" in MCL 780.811(1)(a)(*xxiii*) modifies "crime."  In our estimation, of the more than 22 violations[5] identified in MCL 780.811(1)(a)(*i*) to (*xxii*), there is only a single violation that can be a "misdemeanor" as required by MCL 780.834(2) and still constitute a "crime" for purposes of MCL 780.752(1)(a).  It therefore makes little sense to interpret the phrase "enumerated in subparagraphs (*i*) to (*xxii*)" as used in MCL 780.811(1)(a) as modifying "crime" because there is, at most, only a single "crime enumerated in subparagraphs (*i*) to (*xxii*)."

Our conclusion that the phrase "enumerated in subparagraphs (*i*) to (*xxii*)" in MCL 780.811(1)(a)(*xxii*) modifies only "serious misdemeanor" is bolstered by application of the last-antecedent rule.  That rule provides that, in general, "a modifying clause will be construed to modify only the last antecedent, unless something in the subject matter or dominant purpose requires a different interpretation."  *People v King*, 297 Mich App 465, 486; 824 NW2d 258 (2012).  Applying the rule here supports that "enumerated in subparagraphs (*i*) to (*xxii*)" should be read to modify only "serious misdemeanor" as the last antecedent.  Courts, of course, cannot apply this rule "blindly," *Hardaway v Wayne Co*, 494 Mich 423, 428; 835 NW2d 336 (2013), and the rule should not be applied if something "in the statute demands a different interpretation," *Stanton v City of Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002).  Application of the last-antecedent rule here is not perfunctory but simply supports the best reading of the statute for the reasons explained, and nothing in the statute suggests that a different interpretation should control.

Defendant contends that the conclusion reached by this opinion cannot be correct for a variety of reasons.  First, defendant contends that if "enumerated in subparagraphs (*i*) to (*xxii*)" in MCL 780.811(1)(a)(*xxiii*) modifies only "serious misdemeanor," then the phrase is "redundant and unnecessary."  Defendant grounds this argument in her observation that MCL 780.811(1)(a)(*i*) to (*xxii*) are all, by definition, "serious misdemeanors."  She contends that, given this, a court reading "serious misdemeanor" in MCL 780.811(1)(a)(*xxiii*) could puzzle out that the term was referring to the other 22 subsections in MCL 780.811(1)(a) without the statute explicitly saying as much, which means that this opinion's reading of the statute renders the phrase "enumerated in subparagraphs (*i*) to (*xxii*)" redundant and unnecessary.

We do not agree.  MCL 780.811(1)(a)(*xxiii*)'s use of the phrase "enumerated in subparagraphs (*i*) to (*xxii*)" specifies that "serious misdemeanor" as used in this subparagraph

---

[4] One could reasonably argue that MCL 780.811(a)(*xiii*) does not, in fact, identify aggravated indecent exposure as a serious misdemeanor, or that 780.811(a)(*xiii*) should at least not be read as identifying aggravated indecent exposure as a serious misdemeanor.  We decline to resolve this issue, however, because our conclusion is the same either way.  We therefore assume for purposes of this opinion that MCL 780.811(a)(*xiii*) identifies aggravated indecent exposure as a "serious misdemeanor."  Nothing in this opinion should be construed as opining on that issue.

[5] MCL 780.811(1)(a)(*i*), for instance, identifies both a violation of MCL 750.81 constituting assault and battery and a violation of MCL 750.81 constituting domestic violence as "serious misdemeanors."  And, again, we are assuming for purposes of this opinion that MCL 780.811(a)(*xiii*) identifies both indecent exposure in violation of MCL 750.335a and aggravated indecent exposure in violation of MCL 750.335a as "serious misdemeanors."

-5-

refers to the term "serious misdemeanor" as defined in the other 22 subparagraphs defining the term. If MCL 780.811(1)(a)(*xxiii*) did not specify that it was referring to serious misdemeanors "enumerated in subparagraphs (*i*) to (*xxii*)," then the phrase "serious misdemeanor" as used in this subsection would technically refer to all 23 subparagraphs of MCL 780.811(1)(a), not just the first 22 subparagraphs. Reading the phrase "enumerated in subparagraphs (*i*) to (*xxii*)" to modify "serious misdemeanor" thus serves a function—it specifies that "serious misdemeanor" as used in MCL 780.811(1)(a)(*xxiii*) refers to that term as defined in "subparagraphs (*i*) to (*xxii*)." Because the phrase serves a clarifying function, it is neither redundant nor unnecessary under this opinion's reading of MCL 780.811(1)(a)(*xxiii*).

Defendant next contends that "enumerated in subparagraphs (*i*) to (*xxii*)" must modify both "crime" and "serious misdemeanor" because other provisions in the CVRA use the term "serious misdemeanor" but do not use the word "crime" or the modifier "enumerated in subparagraphs (*i*) to (*xxii*)," which suggests to defendant that the Legislature did not intend "serious misdemeanor" alone to be modified by "enumerated in subparagraphs (*i*) to (*xxii*)" in MCL 780.811(1)(a)(*xxiii*). That other provisions in the CVRA use the phrase "serious misdemeanor" without the word "crime" or the modifier "enumerated in subparagraphs (*i*) to (*xxii*)" provides little if any insight into what the Legislature intended when using all of these words together in MCL 780.811(1)(a)(*xxiii*). Besides, unlike all of the other provisions of the CVRA that defendant cites as using the term "serious misdemeanor," MCL 780.811(1)(a)(*xxiii*) is part of the definition of "serious misdemeanor." It therefore makes sense for MCL 780.811(1)(a)(*xxiii*) to specify that it was not referring to itself when the subsection used the term "serious misdemeanor," whereas the other provisions that refer to the entire definition of "serious misdemeanor" presumably did intend to refer to MCL 780.811(1)(a)(*xxiii*), as well as MCL 780.811(1)(a)'s other 22 subparagraphs.

Defendant also argues that if "enumerated in subparagraphs (*i*) to (*xxii*)" modifies only "serious misdemeanor" in MCL 780.811(1)(a)(*xxiii*), then it renders MCL 780.811(3)[6] of the CVRA "unnecessary" because this opinion effectively interprets "serious misdemeanor" to "include[] all charged crimes." This argument rests on a faulty premise. Under this opinion's interpretation of 780.811(1)(a)(*xxiii*), a violation charged as a crime but reduced to or pleaded to as a misdemeanor constitutes a "serious misdemeanor." A charged crime by itself is not a "serious misdemeanor," contrary to defendant's contention.

Defendant lastly contends that this opinion's interpretation of MCL 780.811(1)(a)(*xxiii*) renders all of Article 1 of the CVRA "completely unnecessary" because, if a serious misdemeanor is a violation charged as any crime but reduced to or pleaded to as a misdemeanor, it means that Article 3 of the CVRA applies "to victims harmed in the commission of a crime charged as a felony." This is incorrect. Broadly speaking, Article 1 of the CVRA concerns victims harmed "as a result of the commission of a crime," MCL 780.752(1)(m)(*i*), while Article 3 concerns victims

---

[6] MCL 780.811(3) provides:

> An individual who is charged with a serious misdemeanor, a crime as defined in section 2, or an offense as defined in section 31 arising out of the same transaction from which the charge against the defendant arose is not eligible to exercise the privileges and rights established for victims under this article.

harmed "as a result of the commission of a serious misdemeanor," MCL 780.811(1)(h)(*i*). Article 3 does not apply to victims harmed in the commission of a crime; it applies only to victims harmed in the commission of a serious misdemeanor. That a serious misdemeanor can be a violation charged as a crime but reduced to or pleaded to as a misdemeanor has no bearing on whether a victim was harmed in the commission of a crime. As Justice ZAHRA recently observed, a conviction that results from a guilty plea will often "not correspond to the nature of the offense committed." *People v Butka*, 514 Mich 366, 386; 22 NW3d 429 (2024) (ZAHRA, J., concurring).[7]

## V. CONCLUSION

The trial court properly concluded that "enumerated in subparagraphs (*i*) to (*xxii*)" modified only "serious misdemeanor" in MCL 780.811(1)(a)(*xxiii*). That subparagraph is thus properly read as defining a "serious misdemeanor" as including a violation charged as a crime but reduced to or pleaded to as a misdemeanor. MCL 780.811(1)(a)(*xxiii*). Defendant's convictions for false pretenses and embezzlement, while misdemeanors, were originally charged as "crimes" within the meaning of MCL 780.752(1)(a). Those misdemeanor convictions therefore constitute "serious misdemeanors" within the meaning of MCL 780.811(1)(a)(*xxiii*), and defendant could not have those convictions set aside until the waiting period in MCL 780.621d(2) had elapsed (which it had not done when defendant applied for her convictions to be set aside).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney
/s/ Randy J. Wallace

---

[7] Defendant also raises a wide array of policy concerns, contending that this opinion's interpretation of MCL 780.811(1)(a)(*xxiii*) broadens the number of violations that constitute "serious misdemeanors," which will have downstream effects that defendant finds objectionable. This opinion, however, is merely enforcing "the clear statutory language that the Legislature has chosen," as is this Court's "duty." *People v Zajaczkowski*, 493 Mich 6, 14 n 18; 825 NW2d 554 (2012). While we do not take defendant's policy arguments lightly, "such policy concerns are best left to the Legislature to address." *Id*.