PARKS v PARKS

Docket No. 317786. Submitted February 5, 2014, at Detroit. Decided February 11, 2014, at 9:00 a.m.

David R. Parks (plaintiff) divorced Tracy A. Parks (defendant) in the Macomb Circuit Court. They shared joint legal and physical custody of the child born during their marriage. Defendant subsequently filed a motion under the Revocation of Paternity Act, MCL 722.1431 *et seq.*, requesting the court to terminate plaintiff's legal and physical custody of the child, determine that the child was born out of wedlock, and set aside the custody provision of the divorce judgment. Defendant had obtained a paternity test, which revealed that David Achinger (her current husband) rather than plaintiff was the child's biological father. She alleged that she, plaintiff, and Achinger had mutually and openly acknowledged the biological relationship between Achinger and the child. Plaintiff then moved for sole legal and physical custody of the child, denying that he had ever acknowledged the biological relationship between Achinger and the child, asserting that he was the father, and arguing that setting aside the divorce judgment would not be in the child's best interests. The court, Matthew S. Switalski, J., held a hearing on plaintiff's motion, but did not take testimony or receive evidence from either party. The court denied defendant's motion, concluding that she could not prove entitlement to relief under MCL 722.1441(1)(a) because she had failed to establish that plaintiff openly acknowledged the alleged biological relationship. The court further concluded that even if defendant could establish entitlement to relief under the act, setting aside the paternity determination would not be in the child's best interests, citing the factors listed in MCL 722.1443(4). The court also denied plaintiff's motion for a change in custody, finding that defendant's unilateral action of taking the child for genetic testing without plaintiff's knowledge did not constitute sufficient cause to request a change in the custody arrangement. Defendant appealed, arguing that the court erred by denying her motion without first conducting an evidentiary hearing to determine whether plaintiff, defendant, and Achinger had mutually and openly acknowledged the biological

relationship between Achinger and the child and whether the equitable factors listed in the act weighed in favor of setting aside the divorce judgment.

The Court of Appeals *held*:

1. The Revocation of Paternity Act allows the trial court to (1) revoke an acknowledgment of parentage, (2) set aside an order of filiation, (3) determine that a child was born out of wedlock, or (4) make a determination of paternity and enter an order of filiation. MCL 722.1433(4) defines "presumed father" as a man who is presumed to be the child's father by virtue of his marriage to the child's mother at the time of the child's conception or birth. MCL 722.1441 governs an action to determine that a presumed father is not a child's father. MCL 722.1441(1)(a), the portion of the statute relevant in this case, provides that if a child has a presumed father, the court may determine that the child is born out of wedlock for the purpose of establishing the child's paternity if the child's mother timely filed an action identifying the alleged father and the presumed father, the alleged father, and the child's mother at some time mutually and openly acknowledged a biological relationship between the alleged father and the child.

2. The trial court did not err by not conducting an evidentiary hearing to determine whether there was a mutual and open acknowledgment of the biological relationship between Achinger and the child. An evidentiary hearing is not always required under MCL 722.1441(1)(a). A trial court is not obligated to hold an evidentiary hearing under the statute absent a threshold showing that there are contested factual issues that must be resolved in order for the trial court to make an informed decision. Defendant failed to meet that threshold requirement. In particular, defendant's motion was devoid of any indication of how she intended to prove that plaintiff acknowledged the biological relationship between Achinger and the child and, in fact, plaintiff never did so.

3. Because defendant's motion failed to meet the minimum requirements under the act, it was not necessary to address the issue of whether the trial court erred by concluding that denying defendant's motion was in the child's best interests.

Affirmed.

PATERNITY — REVOCATION OF PATERNITY ACT — DETERMINATIONS OF ALLEGED FATHER AS CHILD'S BIOLOGICAL FATHER — EVIDENTIARY HEARINGS.

The Revocation of Paternity Act, MCL 722.1431 *et seq.*, allows a trial court to (1) revoke an acknowledgment of parentage, (2) set aside an order of filiation, (3) determine that a child was born out of wedlock, or (4) make a determination of paternity and enter an

order of filiation; under MCL 722.1433(4), a presumed father is defined as the man presumed to be the child's father by virtue of his marriage to the child's mother at the time of the child's conception or birth; MCL 722.1441 governs an action to determine that a presumed father is not a child's father; MCL 722.1441(1)(a) provides that if a child has a presumed father, the court may determine that the child is born out of wedlock for the purpose of establishing the child's paternity if the child's mother files a timely action identifying the alleged father and the presumed father, the alleged father, and the child's mother at some time mutually and openly acknowledged a biological relationship between the alleged father and the child; an evidentiary hearing is not always required under MCL 722.1441(1)(a), however; the trial court is not obligated to hold an evidentiary hearing absent a threshold showing that there are contested factual issues that must be resolved in order for the court to make an informed decision.

*The Gucciardo Law Firm* (by *Renée K. Gucciardo*) for David R. Parks.

*Campbell, O'Brien & Mistele, PC* (by *Robert J. Figa*), for Tracy A. Parks.

Before: JANSEN, P.J., and K. F. KELLY and SERVITTO, JJ.

K. F. KELLY, J. Defendant appeals as of right an order denying her motion brought under the Revocation of Paternity Act (RPA), MCL 722.1431 *et seq.*, wherein defendant requested that the trial court terminate plaintiff's legal and physical custody of the minor child, declare that the child was born out of wedlock, set aside a prior divorce judgment, and enter an order of filiation decreeing that her current husband, David Achinger, is the child's father. Finding no errors requiring reversal, we affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant were married on June 12, 2004; the minor child was born while the parties were

still married. Plaintiff sought a divorce in March 2011. The parties eventually entered into a consent judgment of divorce on June 14, 2011, sharing joint legal and physical custody of the child.

On April 8, 2013, defendant filed a motion requesting the court to terminate plaintiff's legal and physical custody of the child, make a determination that the child was born out of wedlock, and set aside the custody provision of the divorce judgment. Defendant privately obtained a paternity test, which revealed that Achinger, and not plaintiff, was the child's biological father. Defendant alleged that she, plaintiff, and Achinger had at some point mutually and openly acknowledged the biological relationship between Achinger and the child. Except for the DNA test results, defendant attached no other exhibits or evidence to her motion.

In response to defendant's motion, plaintiff filed a motion for sole legal and physical custody of the child. Plaintiff denied that he ever acknowledged the biological relationship between Achinger and the child. In fact, plaintiff asserted that he had only recently discovered he was not the child's biological father and that defendant never identified Achinger as the child's father. Plaintiff attached to his motion an e-mail exchange between plaintiff and defendant dated March 13, 2013: in response to defendant's statement that she did not expect further financial help from plaintiff given that he was no longer the child's father, plaintiff replied, "I am [the minor child's] father." Plaintiff argued that defendant had failed to establish entitlement to relief under the RPA in the absence of a mutual and open acknowledgment of a biological relationship between Achinger and the child. Plaintiff also argued that setting aside the divorce judgment would not be in the child's best interests.

On May 6, 2013, the trial court held a hearing on plaintiff's motion, but did not receive testimony or evidence from either party. Defense counsel explained that defendant married Achinger in August 2012 and, as time passed, defendant noticed that the child increasingly resembled Achinger, leading her to obtain a DNA test in December 2012. Defense counsel argued that plaintiff openly acknowledged the biological relationship between the child and Achinger in three ways: (1) plaintiff spoke to his attorney about whether he was the child's father, (2) plaintiff indicated to defendant's sister that he had doubts about whether he was the child's father, and (3) plaintiff told his parents that Achinger was the child's father after learning of the paternity test. Plaintiff's counsel denied that plaintiff had mutually and openly acknowledged the biological relationship between the child and Achinger and asserted that, to the contrary, plaintiff had steadfastly held himself out as the child's father.

On July 31, 2013, the trial court issued a written opinion and order denying defendant's motion, stating:

> The Court is satisfied that Defendant cannot prove entitlement to relief under ... MCL 722.1441(1)(a). In order to establish that she is entitled to relief, Defendant must show that she, the alleged father, and the presumed father [Plaintiff] "mutually and openly acknowledged a biological relationship between the alleged father and the child." Defendant has failed to establish Plaintiff has openly acknowledged the alleged biological relationship. In fact, Plaintiff has asserted that the minor child is his son, thereby refuting the "mutual" and "open" "acknowledgement" requirement. [Alteration in original.]

The court also held that, even if defendant could establish entitlement to relief under the RPA, setting aside the paternity determination would not be in the child's best interests, citing the factors listed in

MCL 722.1443(4). The trial court also denied plaintiff's motion for a change in custody, finding that defendant's unilateral action in taking the child for genetic testing without plaintiff's knowledge did not constitute sufficient proper cause to request a change in the custody arrangement.

Defendant now appeals as of right, arguing that the trial court erred by denying her motion under the RPA without first conducting an evidentiary hearing to determine whether plaintiff, defendant, and Achinger mutually and openly acknowledged the biological relationship between Achinger and the child and whether the equitable factors under the RPA weighed in favor of setting aside the parties' divorce judgment.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

The Revocation of Paternity Act does not provide a standard by which this Court should review the trial court's decision. Generally, this Court reviews for clear error the trial court's factual findings in proceedings involving the rights of children, and reviews de novo issues of statutory interpretation and application. The trial court has committed clear error when this Court is definitely and firmly convinced that it made a mistake. [*In re Moiles*, 303 Mich App 59, 65-66; 840 NW2d 790 (2013) (citations omitted).]

"We review de novo issues of statutory interpretation." *In re Townsend Conservatorship*, 293 Mich App 182, 186; 809 NW2d 424 (2011). When interpreting a statute, a court must give effect the Legislature's intent. *Tellin v Forsyth Twp*, 291 Mich App 692, 700; 806 NW2d 359 (2011). We first look to the language of the statute itself in determining the Legislature's intent.

*Id.* at 700-701. "This Court gives the words of the statutes their plain and ordinary meaning and will look outside the statutory language only if it is ambiguous." *Id.* at 701. " '[W]here that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written.' " *Echelon Homes, LLC v Carter Lumber Co,* 472 Mich 192, 196; 694 NW2d 544 (2005) (citation omitted).

### B. THE REVOCATION OF PATERNITY ACT

"The Revocation of Paternity Act was added by way of 2012 PA 159, and took effect on June 12, 2012. Among other things, the Revocation of Paternity Act 'governs actions to determine that a presumed father is not a child's father . . . .' " *Grimes v Van Hook-Williams,* 302 Mich App 521, 527; 839 NW2d 237 (2013), quoting *In re Daniels Estate,* 301 Mich App 450, 458–459; 837 NW2d 1 (2013). The RPA "allows the trial court to (1) revoke an acknowledgment of parentage, (2) set aside an order of filiation, (3) determine that a child was born out of wedlock, or (4) make a determination of paternity and enter an order of filiation." *Moiles,* 303 Mich App at 66; see MCL 722.1443(2). Relevant to this case, MCL 722.1441 is the statute that "governs an action to determine that a presumed father is not a child's father." MCL 722.1435(3). MCL 722.1433(4) defines a "presumed father" as "a man who is presumed to be the child's father by virtue of his marriage to the child's mother at the time of the child's conception or birth." MCL 722.1441(1) provides, in relevant part:

(1) If a child has a presumed father, a court may determine that the child is born out of wedlock for the

purpose of establishing the child's paternity if an action is filed by the child's mother and either of the following applies:

(a) All of the following apply:

(*i*) The mother identifies the alleged father by name in the complaint or motion commencing the action.

(*ii*) *The presumed father, the alleged father, and the child's mother at some time mutually and openly acknowledged a biological relationship between the alleged father and the child.*

(*iii*) The action is filed within 3 years after the child's birth. The requirement that an action be filed within 3 years after the child's birth does not apply to an action filed on or before 1 year after the effective date of this act. [Emphasis added.]

MCL 722.1441(1)(a)(*ii*) thus requires that the presumed father, the alleged father, and the child's mother must at some time have mutually and openly acknowledged a biological relationship between the alleged father and the child.

### C. APPLICATION OF THE LAW TO THE FACTS

Defendant argues that the trial court erred by failing to first conduct an evidentiary hearing to determine whether there was a mutual and open acknowledgment of the biological relationship between Achinger and the child. We disagree.

The RPA does not indicate whether an evidentiary hearing is necessary in order to establish whether the child was born out of wedlock. In fact, the term "hearing" is not found in the RPA. We hold that an evidentiary hearing is not always required under MCL 722.1441(1)(a). Rather, a trial court may conduct such a hearing at its discretion when there are contested factual issues and a hearing would assist the trial

court in making an informed decision on the issue. We consider MCR 3.210(C)(8) for comparison; it provides:

> In deciding whether an evidentiary hearing is necessary with regard to a postjudgment motion to change custody, the court must determine, by requiring an offer of proof or otherwise, whether there are contested factual issues that must be resolved in order for the court to make an informed decision on the motion.

In the context of the Child Custody Act, MCL 722.21 *et seq.*, a trial court is not required to conduct an evidentiary hearing when determining whether the moving party has proved that either proper cause or a change of circumstances exists absent a "threshold" showing. See *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009); *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). Similarly, we conclude that a trial court is not obligated to hold an evidentiary hearing under MCL 722.1441(1)(a) absent a threshold showing that there are contested factual issues that must be resolved in order for the trial court to make an informed decision. Defendant has failed to meet that threshold requirement.

As previously stated, MCL 722.1441(1)(a)(*ii*) requires that the presumed father (plaintiff), the alleged father (Achinger), and the child's mother (defendant) must have, at some time, mutually and openly acknowledged the biological relationship between the alleged father and the child. Defendant's motion was devoid of any indication of how she intended to prove that plaintiff acknowledged such a relationship. Rather, she only attached the DNA test as an exhibit. At the hearing on defendant's motion, defense counsel argued:

> We believe that David Parks, the presumed father during the marriage, has acknowledged, has openly acknowledged that there is a relationship with the biological father. He

had indicated previously that he had talked to his attorney previously, this is when my client told him that she had had a test done, that he had indicated previously that I had spoken to attorneys about whether I was the father -- that he was the father. But, he had previously told my client's sister he had doubts about whether he was the father. He certainly knew. In fact, the reason he filed for divorce, was because of the relationship between David Achinger during the marriage, and my client. That is why he filed for the divorce. So, we believe that based upon that, and he's also indicated when my client had told him that she wants [the child] to be living with his father, David Achinger, he had told her at some point, that yes, I have told my parents about this. So, we believe that he has openly acknowledged, and again, openly acknowledged is not denied in the statute anywhere.

Plaintiff's counsel denied that plaintiff mutually and openly acknowledged the biological relationship between the child and Achinger:

None of these people [plaintiff, defendant, or Achinger] have ever had this mutual, open acknowledgment. [Plaintiff] finds out on March 3rd, [defendant] goes and does a test illegally back in December without even consulting the joint legal custodian that she is going to have a DNA test. She plots this whole thing out, she knew all along that there is a possibility of this whole thing, defrauds him. When she talked to him on March 3rd, his response was, I am [the child's] father. End of story. He has never, ever even looked at the DNA test, because he says, a DNA test means nothing, it's a piece of paper. This is my son. There is no open mutual acknowledgment.

Plaintiff also attached an e-mail communication to his response to defendant's motion, wherein he continued to maintain that he was the child's father.

Defendant's allegations do not even come close to meeting the "mutual and open acknowledgment" requirement under the RPA. First, defendant fails to

demonstrate how any of the alleged statements would be admissible, given that all three instances involve hearsay. Plaintiff's communications with his attorney are protected by the attorney-client privilege, and there is no indication that plaintiff has waived the privilege. See *Augustine v Allstate Ins Co*, 292 Mich App 408, 420; 807 NW2d 77 (2011). Defendant offers no explanation of how plaintiff's alleged statements to his sister-in-law or his parents are admissible. And although defendant argues that there is no temporal requirement under the RPA and that an acknowledgment may be made at any time, it would be preposterous to suggest that plaintiff's statement to his parents advising them of what was happening was somehow an acknowledgment of the relationship between Achinger and the child.

Additionally, in none of plaintiff's alleged statements does plaintiff acknowledge Achinger as the child's biological father. Instead it would seem that plaintiff simply questioned his own paternity. Questioning paternity does not equate with acknowledging Achinger as the child's biological child. "Acknowledge" is defined as "**1.** to admit to be real or true; recognize the existence, truth, or fact of . . . . **2.** to show or express recognition or realization of . . . . **3.** to recognize the authority, validity, or claims of . . . ." *The Random House Dictionary of the English Language, Second Edition Unabridged*. At no time did plaintiff admit that Achinger was or recognize Achinger as the child's biological father.

Moreover, the record is silent regarding mutuality. "Mutual" is defined as "**1.** possessed, experienced, performed, etc., by each of two or more with respect to the other; reciprocal . . . . **2.** having the same relation each toward the other . . . . **3.** of or pertaining to each of two or more; held in common; shared . . . ." *Id.* The RPA, therefore, requires that all three individuals—the al-

leged father, the presumed father, and the mother— mutually acknowledge that the alleged father is the child's biological father. It was not enough that Achinger and the mother acknowledged the relationship. Plaintiff also had to acknowledge it, but refused to do so.

Thus, it is clear to us, as it was to the trial court, that defendant's allegations failed to meet the threshold requirement that would have potentially entitled her to an evidentiary hearing. There were no disputed facts before the court. Even if the trial court accepted as true all of plaintiff's alleged statements, the statements themselves failed to raise a question regarding whether there was a mutual acknowledgment of Achinger's biological relationship to the child.[1]

Affirmed.

JANSEN, P.J., and SERVITTO, J., concurred with K. F. KELLY, J.

---

[1] Because we conclude that defendant's motion failed to meet the minimum requirements under the RPA, we decline to address the issue of whether the trial court erred by concluding that the child's best interests were served by denying the motion. We also fail to see the need to address plaintiff's alternative arguments for affirmance.