*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DILLON MICHAEL BLAIN,

        Plaintiff-Appellant,

v

BRITTNEY MARIE EHLERT,

        Defendant-Appellee,

and

TYLER ALAN LIPPENGA,

        Appellee.

UNPUBLISHED
May 13, 2021

No. 352973
Kent Circuit Court
Family Division
LC No. 19-007481-DC

Before: MURRAY, C.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's February 14, 2020 order revoking plaintiff's acknowledgment of parentage of the minor child, WE, and order of filiation finding appellee, Tyler Alan Lippenga, to be WE's father. We vacate the trial court's orders and remand for further proceedings.

## I. BACKGROUND

This case concerns WE, who was born to defendant while she was in a relationship with plaintiff. On the day WE was born, plaintiff and defendant signed an affidavit of parentage that named plaintiff as WE's father. Approximately two years later, plaintiff and defendant had another child together. Plaintiff and defendant separated in early August 2019, because, defendant alleged, plaintiff pointed a gun at her, had "obvious anger issue[s]," and was emotionally unstable. Plaintiff was consequently charged with assault with a dangerous weapon (felonious assault), MCL 750.82, in a separate criminal action. On August 26, 2019, plaintiff filed a complaint for custody, seeking joint legal and joint physical custody of the minor children. On December 3, 2019, the trial court

entered an order granting defendant temporary sole legal and sole physical custody of the minor children, and provided for plaintiff to have supervised parenting time with them.

On February 6, 2020, Lippenga filed a motion and affidavit to revoke plaintiff's acknowledgment of parentage of WE. In his brief in support of the motion, Lippenga argued that under the Revocation of Paternity Act ("RPA"), MCL 722.1431 *et seq*., there was clear and convincing evidence that: (1) Lippenga was WE's biological father (proven by the DNA (deoxyribonucleic acid) test report), and (2) because of the pending criminal charges against plaintiff, WE should be placed with Lippenga. In his affidavit, Lippenga listed three grounds for revocation under MCL 722.1437(4): mistake of fact, newly discovered evidence that, by due diligence, could not have been found before the acknowledgment was signed, and misrepresentation. Specifically, Lippenga asserted that: (1) defendant and Lippenga were dating when defendant indicated to him that she was pregnant; (2) the two ended their relationship when defendant told Lippenga that he was not the father of the child with whom she was pregnant at the time; (3) in December 2019, defendant told Lippenga that he was likely the biological father of the minor child with whom she was pregnant when they were together; and (4) a DNA test revealed that, in fact, Lippenga was WE's biological father "by a 99.99% probability," not plaintiff.

Lippenga also contended that the trial court must consider WE's best interests when determining whether to revoke plaintiff's acknowledgment of parentage. Lippenga argued that the best-interest factors enumerated in MCL 722.1443(4) favor revoking plaintiff's acknowledgment of parentage because: (1) upon learning that he might be WE's father, Lippenga took immediate steps to rectify the situation by taking a DNA test and filing the instant motion; (2) defendant recently discovered that he might be WE's father; (3) WE had "little to no real parenting time" with plaintiff over WE's lifetime; (4) WE was two years old and had yet to form a relationship with Lippenga as his biological father because of defendant's mistaken belief; (5) WE was in his "formative years," so he was capable of forming a new bond with Lippenga and was more likely to forget plaintiff; and (6) WE has "a right to be parented and supported by his real father." Lippenga also moved to intervene as of right.

On February 11, 2020, plaintiff filed a response to Lippenga's motion and affidavit to revoke plaintiff's acknowledgment of parentage, arguing that it was not in WE's best interests to revoke his paternity because: (1) plaintiff had supported WE financially, emotionally, and physically since birth; (2) plaintiff, defendant, and Lippenga have always known that Lippenga was WE's biological father, but defendant involved Lippenga now to "hurt" plaintiff; (3) defendant chose plaintiff to be WE's father because Lippenga had a serious and untreated drug addiction; (4) Lippenga is "a danger to [WE], as evidenced by his sick, twisted, memes online about small children;" (5) WE will be emotionally harmed by losing plaintiff as a father; (6) plaintiff is the biological father of WE's sibling, LB; and (7) under the RPA, the DNA test report is not binding on the court in making a determination under the Act.

A hearing was held on February 14, 2020, on Lippenga's motion and affidavit to revoke plaintiff's acknowledgment of parentage and motion to intervene as of right. Without objection from plaintiff or defendant, the trial court granted Lippenga's motion to intervene. At the hearing, defendant acknowledged that she was not honest with Lippenga about the identity of WE's biological father in the past, but she had supported Lippenga's motion to revoke plaintiff's acknowledgment of parentage because she wanted WE to get to know his biological father.

Based on the DNA test report and Lippenga's affidavit, the trial court revoked plaintiff's acknowledgment of parentage. The trial court found that the parties did not dispute Lippenga's paternity, and contrary to plaintiff's argument, held that it did not have to conduct an evidentiary hearing to establish whether revocation was in WE's best interests because it did not deny Lippenga's motion to revoke plaintiff's acknowledgment of parentage. When plaintiff's counsel asserted that the trial court may consider the best-interest factors under MCL 722.1443(4) in deciding whether to revoke plaintiff's acknowledgment of parentage, the trial court stated, "But I'm not . . . —I may consider [the best-interest factors] but . . . I don't even get down that far because I'm not refusing to enter the order. So, I don't even get down that far." The trial court subsequently entered an order revoking plaintiff's acknowledgment of parentage of WE and an order of filiation establishing Lippenga as WE's father.

## II. ANALYSIS

In support of his appeal, plaintiff argues that the trial court erred by failing to make factual findings regarding the sufficiency of Lippenga's affidavit before deciding whether to revoke plaintiff's acknowledgment of parentage.

As an initial matter, plaintiff concedes that this issue is not preserved. This Court reviews unpreserved claims under the plain-error rule. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011); *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *VanDalen*, 293 Mich App at 135 (quotation marks and citation omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Utrera*, 281 Mich App at 9, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The provisions of the RPA govern this issue. "When interpreting a statute, a court must give effect [to] the Legislature's intent." *Parks v Parks*, 304 Mich App 232, 237; 850 NW2d 595 (2014). To determine the legislative intent, this Court first looks to the language of the statute itself, and if the language is unambiguous, "it must be enforced as written." *Title Office, Inc v Van Buren Co Treasurer*, 469 Mich 516, 519; 676 NW2d 207 (2004). Words of statutes are given their plain and ordinary meanings, while legal terms are construed according to their legal meanings. *Lech v Huntmore Estates Condo Ass'n* (*On Remand*), 315 Mich App 288, 290; 890 NW2d 378 (2016). Statutes must be read as a whole, and this Court may not read statutory provisions in isolation. *Milot v Dep't of Transp*, 318 Mich App 272, 278; 897 NW2d 248 (2016).

In an action to set aside an acknowledgment of parentage, the trial court must make factual findings concerning the sufficiency of the party's supporting affidavit. MCL 722.1437(4); *In re Moiles*, 303 Mich App 59, 66-67; 840 NW2d 790 (2013), rev'd in part, vacated in part on other grounds 495 Mich 944 (2014). If the party's affidavit is sufficient, the trial court must then order blood or tissue typing or DNA identification profiling. MCL 722.1437(5), MCL 722.1443(5).

Under the RPA, "[t]he mother, the acknowledged father, an alleged father, or a prosecuting attorney may file an action for revocation of an acknowledgment of parentage." MCL 722.1437(1). The statute provides, in pertinent part:

(4) An action for revocation under this section shall be supported by an affidavit signed by the person filing the action that states facts that constitute 1 of the following:

(a) Mistake of fact.

(b) Newly discovered evidence that by due diligence could not have been found before the acknowledgment was signed.

(c) Fraud.

(d) Misrepresentation or misconduct.

(e) Duress in signing the acknowledgment.

(5) If the court in an action for revocation under this section finds that an affidavit under subsection (4) is sufficient, the court shall order blood or tissue typing or DNA identification profiling as required under section 13(5). The person filing the action has the burden of proving, by clear and convincing evidence, that the acknowledged father is not the father of the child. [MCL 722.1437(4) and (5) (footnote omitted).]

The trial court did not directly rule on the sufficiency of Lippenga's affidavit. After hearing the parties' arguments, the trial court briefly stated that Lippenga was "definitely allowed to file this action," and he had "filed this motion appropriately." But although the trial court did not directly rule on the sufficiency of Lippenga's affidavit, in ruling on the revocation request, the trial court indicated that it was relying on the DNA test report and Lippenga's affidavit, thereby indicating that the trial court accepted the assertions of mistake of fact, newly discovered evidence, and misrepresentation that Lippenga made in his affidavit.

Specifically, the record indicates that defendant (and perhaps plaintiff) knew all along that Lippenga was WE's biological father. Notably, defendant acknowledged that she was not honest with Lippenga about the identity of WE's biological father in the past. Given Lippenga's newly discovered evidence, which could not have been found before the acknowledgment was signed, and the fact that plaintiff and defendant believed Lippenga to be WE's biological father at the time they signed the affidavit of parentage, Lippenga's assertions of newly discovered evidence and misrepresentation were sufficient to support his action for revocation. Moreover, Lippenga's assertion of mistake of fact was also a sufficient basis to proceed with the revocation action. The DNA test report supported Lippenga's attestation that he is WE's biological father. "Presentation of the unchallenged DNA evidence was sufficient to establish a mistake of fact." *Bay Co Prosecutor v Nugent*, 276 Mich App 183, 190; 740 NW2d 678 (2007) (interpreting MCL 722.1011(2), now repealed and replaced by MCL 722.1437(2)), citing *Sinicropi v Mazurek*, 273 Mich App 149, 176 n 14; 729 NW2d 256 (2006). Lippenga's affidavit was thus sufficient to allow the trial court to proceed to determine whether to revoke plaintiff's acknowledgment of parentage, and the trial court's failure to make explicit findings regarding the sufficiency of Lippenga's affidavit was not a plain error that affected plaintiff's substantial rights.

We do agree, however, with plaintiff's argument that the trial court erred by failing to consider the best-interest factors under MCL 722.1443(4) in deciding whether to revoke plaintiff's acknowledgment of parentage.

This Court reviews a trial court's factual findings regarding a revocation of paternity action for clear error. *Rogers v Wcisel*, 312 Mich App 79, 86; 877 NW2d 169 (2015); see also *Jones v Jones*, 320 Mich App 248, 253; 905 NW2d 475 (2017) (this Court reviews the lower court's factual findings in a case concerning the RPA for clear error). "The trial court has committed clear error when this Court is definitely and firmly convinced that it made a mistake." *Rogers*, 312 Mich App at 86 (quotation marks and citation omitted). This Court reviews de novo the interpretation and application of statutory provisions. *Parks*, 304 Mich App at 237.

The Acknowledgment of Parentage Act, MCL 722.1001 *et seq*., confers the status of natural and legal father upon a man who executes an acknowledgment of parentage. *Sinicropi*, 273 Mich App at 152. The acknowledgment of parentage provides notice to the male signatory that he has the responsibility to support the child. MCL 722.1007(f). Once the acknowledgment of parentage is complete, the child has "the identical status, rights, and duties of a child born in lawful wedlock effective from birth." MCL 722.1004. A man who executes an acknowledgment of parentage is known for legal purposes as the "acknowledged father." MCL 722.1433(1). In contrast, a man who obtains an order of filiation is known for legal purposes as an "affiliated father." MCL 722.1433(2). The existence of a valid acknowledgment of parentage by one man precludes a court from entering an order of filiation for a different man. *Sinicropi*, 273 Mich App at 164-165. In other words, a child may have only one legal father. *Id*. at 164. As a result, the trial court could not grant an order of filiation in favor of Lippenga unless it first revoked plaintiff's acknowledgment of parentage.

However, if the court finds that the acknowledged father is not the father of the child, the court nonetheless may refuse to enter an order revoking the acknowledgment of parentage if it would not be in the child's best interests to do so. *Jones*, 320 Mich App at 255. MCL 722.1443(4) states, in relevant part:

> A court may refuse to enter an order . . . revoking an acknowledgment of parentage . . . if the court finds evidence that the order would not be in the best interests of the child. The court shall state its reasons for refusing to enter an order on the record. The court may consider the following factors:
>
> (a) Whether the presumed father is estopped from denying parentage because of his conduct.
>
> (b) The length of time the presumed father was on notice that he might not be the child's father.
>
> (c) The facts surrounding the presumed father's discovery that he might not be the child's father.
>
> (d) The nature of the relationship between the child and the presumed or alleged father.

(e) The age of the child.

(f) The harm that may result to the child.

(g) Other factors that may affect the equities arising from the disruption of the father-child relationship.

(h) Any other factor that the court determines appropriate to consider.

The trial court need only articulate its reasoning on the record regarding these factors *if it refuses to alter the child's paternity*. *Jones*, 320 Mich App at 256. The court must find the child's best interests by a preponderance of the evidence. *Id*. at 257 n 4. Accordingly, the trial court had the discretion to refuse to revoke plaintiff's acknowledgment of parentage if doing so would not be in WE's best interests.

Here, the trial court did not review the best-interest factors under MCL 722.1443(4) before it revoked plaintiff's acknowledgment of parentage. Instead, the trial court stated that it did not need to find evidence that the order, i.e., the revocation, was in WE's best interests, because *it did not refuse to enter the order revoking plaintiff's acknowledgment of parentage*. The trial court stated:

I have to find evidence that it would not be. I don't have to find evidence that it is. I have to find evidence in order to say despite the fact that . . . Lippenga's clearly this child's genetic father. And that this—this affidavit of parentage was signed, even though your client is not the father of this child. I have to—in order to say I'm going to ignore that and not set aside this or not revoke this affidavit [of] parentage. In order to do that, I have to say, because there's evidence that is not in the best interest of this child.

In *Jones*, 320 Mich App at 254-255, the father was the "presumed" father because the minor child was born during the marriage, and the defendant (the mother of the minor child) argued that the trial court erred when it found that the plaintiff was not the child's legal father. This Court disagreed and reasoned:

Here, as defendant acknowledges, the trial court stated that it reviewed the best-interest factors under MCL 722.1443(4) and found that they favored approving the settlement. Defendant notes that the court did not make any explicit findings with respect to any specific factor, but MCL 722.1443(4) is quite clear on this point—it only requires such findings and reasons to be made on the record *when it refuses to enter the order, i.e., when it does not alter the presumed father's status*. Therefore, because the trial court ultimately did alter the presumed father's status, the court clearly was not required to express its particular reasons. . . . The court heard the testimony and accordingly made its findings based on the best interests of the child, as required by the statute. [*Jones*, 320 Mich App at 256-257 (emphasis added) (footnotes omitted).]

"To be clear, a court is *required to always perform a best-interest evaluation* under MCL 722.1443(4). Otherwise, the court would not be aware that the best interests indicate that the

-6-

revocation should not be granted. . . . That being said, the court is only required to 'state its reasons *for refusing to enter an order on the record*.' MCL 722.1443(4) (emphasis added)." *Id*. at 256 n 3 (first emphasis added).

The same conclusion was reached by the Supreme Court, which affirmed the result of this Court's decision in *Helton v Beaman*, 304 Mich App 97; 850 NW2d 515 (2014). *Helton v Beaman*, 497 Mich 1001; 861 NW2d 621 (2015). The Supreme Court stated:

> We agree with the Court of Appeals authoring and concurring judges that [*In re Moiles*] wrongly held that a trial court is not required to make a best interest determination under MCL 722.1443(4) in deciding whether to revoke an acknowledgment of parentage. For the reasons explained in section II of the concurring opinion, we hold that an order revoking an acknowledgment of parentage constitutes an order "setting aside a paternity determination" and, therefore, is subject to a best interest analysis under MCL 722.1443(4). [*Id*.[1]]

Here, plaintiff is the "acknowledged" father and Lippenga is the "alleged" father. Accordingly, plaintiff's status as the "acknowledged" father changed because the trial court entered the order revoking plaintiff's acknowledgment of parentage. And because the trial court entered the order, under *Jones*, the trial court did not need to articulate on the record its reasoning regarding the best-interest factors under MCL 722.1443(4). *Jones*, 320 Mich App at 256.

However, the trial court was still required to consider the best-interest factors under MCL 722.1443(4) before granting the order revoking plaintiff's acknowledgment of parentage, and if requested, receive evidence on that issue. The trial court erroneously stated, "But I'm not . . . —I may consider [the best-interest factors] but . . . I don't even get down that far because I'm not refusing to enter the order. So, I don't even get down that far." Contrary to *Jones* and *Helton*, the trial court did not believe it was required to consider the best-interest factors under MCL 722.1443(4), but those cases (and the statute) required the trial court to receive evidence regarding best interests; the trial court was just not required to address the best-interest factors under MCL 722.1443(4) on the record unless it had refused to enter the order revoking plaintiff's acknowledgment of parentage. At the motion hearing plaintiff stated—at least implicitly—that more than just argument on a motion day should be presented on the best interests. On remand, the trial court shall allow plaintiff (and defendant and intervenor) to submit evidence relevant to best interests. If the court determines after considering this evidence to revoke the acknowledgment, no findings regarding best interests are required. If the court determines not to revoke the acknowledgment, the court shall place its findings on best interests on the record.

---

[1] The Supreme Court decided this case before the Legislature amended the RPA in 2014, which became effective March 17, 2015.

Vacated and remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

# Court of Appeals, State of Michigan

# ORDER

Dillon Michael Blain v Brittney Marie Ehlert

Docket No.    352973

LC No.        19-007481-DC

Christopher M. Murray
Presiding Judge

Karen M. Fort Hood

Elizabeth L. Gleicher
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall be completed within 56 days of the date of this order, and shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the prior opinion is vacated and the matter remanded for the trial court to allow the parties to submit evidence relevant to the best interests of the child. After doing so, the trial court can either re-confirm its decision to revoke the acknowledgment of paternity or, if it decides to not revoke the acknowledgment, the court must place findings regarding the child's best interests on the record. The proceedings on remand are limited to these matters.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 13, 2021
Date

_____
Chief Clerk