*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAKHAR ALGAHEIM,

        Plaintiff-Appellee,

and

LUCID NEUROLOGY, PC,

        Intervening Plaintiff,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY and UNNAMED
ASSIGNEE,

        Defendants-Appellants,

and

CITIZENS INSURANCE COMPANY OF THE
MIDWEST and USA UNDERWRITERS,

        Defendants.

UNPUBLISHED
August 10, 2023

No. 362346
Wayne Circuit Court
LC No. 21-008744-NF

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

Defendants Michigan Automobile Insurance Placement Facility ("MAIPF") and Unnamed Assignee appeal by leave granted[1] the trial court's order denying MAIPF's motion for summary disposition under MCR 2.116(C)(10). Finding no errors warranting reversal, we affirm.

---

[1] *Algaheim v Mich Auto Ins Placement Facility*, unpublished order of the Court of Appeals, entered January 26, 2023 (Docket No. 362346).

## I. BASIC FACTS AND PROCEDURAL HISTORY

The relevant facts do not appear to be in dispute by the parties. Plaintiff was involved in two separate automobile accidents from which he alleged to be injured. In the first accident on December 8, 2020, plaintiff was driving a 2007 Honda Pilot ("Honda Pilot") owned by his wife, Selena Dalesandro. The Honda Pilot was uninsured at the time of the accident. The second accident occurred on April 9, 2021 when plaintiff was driving a 2015 Dodge Charger ("Dodge Charger"),[2] insured through a policy issued by USA Underwriters on October 12, 2020. Only the December 8, 2020 accident is relevant to this appeal. Under the policy endorsement for the Dodge Charger, plaintiff was specifically excluded as a covered driver. The endorsement stated that "in the event a named excluded driver operates the insured vehicle, . . . [t]hat under the provisions of Section 3113(d), the named excluded driver operating the motor vehicle as to which he or she was named as an excluded driver is not entitled to be paid personal protection insurance benefits."

In the trial court, MAIPF and USA Underwriters argued that under the language of the policy endorsement and under MCL 500.3009 and MCL 500.3113 of the no-fault act, MCL 500.3101 *et seq.*, plaintiff was an excluded person and not entitled to benefits. MAIPF further argued that because plaintiff was an excluded person under MCL 500.3113, he was not entitled to benefits from the assigned claims plan by operation of MCL 500.3173. The trial court granted USA Underwriters's motion, concluding that plaintiff was excluded from coverage under the policy and the no-fault act. The court, however, denied MAIPF's motion because "[t]he exclusionary language only go to the specific vehicle or vehicles under the USA policy," and there was nothing in the law "that excludes every vehicle that the plaintiff in this case was driving in." MAIPF moved for reconsideration, which the trial court denied, and this appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Hastings Mutual Ins Co v Grange Ins Co of Mich*, 319 Mich App 579, 583; 903 NW2d 400 (2017). "A motion brought pursuant to MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and is reviewed by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Mendelson Orthopedics, PC v Everest Nat'l Ins Co*, 328 Mich App 450, 456-457; 938 NW2d 739 (2019) (quotation marks and citation omitted). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. at 457 (quotation marks and citation omitted).

This Court also reviews de novo issues of statutory interpretation. *Goodhue v Dep't of Transp*, 319 Mich App 526, 530; 904 NW2d 203 (2017). "When interpreting a statute, a court must give effect the Legislature's intent." *Parks v Parks*, 304 Mich App 232, 237; 850 NW2d 595 (2014). "This Court gives the words of the statutes their plain and ordinary meaning and will look outside the statutory language only if it is ambiguous." *Id*. at 238 (quotation marks and citation omitted). "Where that language is unambiguous, we presume that the Legislature intended the

---

[2] Although the ownership of the Dodge Charger is not clear from the record, Dalesandro was the party that insured that vehicle with USA Underwriters.

meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id*. (quotation marks and citation omitted; citation cleaned up).

Lastly, "[t]he interpretation of a contract, such as an insurance policy, is also reviewed de novo." *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 507; 967 NW2d 841 (2021). "When interpreting a contract, such as an insurance policy, the primary goal is to honor the intent of the parties." *Id*. at 507-508 (quotation marks and citation omitted).

## III. ANALYSIS

"The no-fault act's intended purpose is to ensure the compensation of persons injured in automobile accidents." *Mich Head & Spine Institute v Mich Assigned Claims Plan*, 331 Mich App 262, 273; 951 NW2d 731 (2019) (quotation marks and citation omitted). "Liability for no-fault personal protection benefits is governed by MCL 500.3105." *Detroit Med Ctr v Progressive Mich Ins Co*, 302 Mich App 392, 394; 838 NW2d 910 (2013). Under that statute, an insurer is required to pay personal protection insurance benefits to an injured claimant if the claimant's " 'bodily injury aris[es] out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . .' " *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017), quoting MCL 500.3105(1).

In addition, "[a] person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits through the assigned claims plan . . . ." MCL 500.3172(1). In order to be eligible for benefits through the assigned claims plan, one of the following must be true:

> (a) No personal protection insurance is applicable to the injury[;]
>
> (b) No personal protection insurance applicable to the injury can be identified[;]
>
> (c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss[; or]
>
> (d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. [MCL 500.3172(1)(a)-(d).]

Under the no-fault act, an insurer's policy coverage extends "to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household . . . ." MCL 500.3114(1).

However, "[i]f authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when *a vehicle* is operated by a named person." MCL 500.3009(2) (emphasis added).

An exclusion under [section 3009(2)] is not valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance:

Warning—when a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable. [*Id*.]

Exclusion from coverage may also be authorized for a person "operating a motor vehicle or motorcycle *as to which he or she was named as an excluded operator* as allowed under section 3009(2)" MCL 500.3113(d) (emphasis added).

MAIPF argues that it was entitled to summary disposition because under MCL 500.3009 and MCL 500.3113, where a spouse or resident relative is listed as an "excluded operator" under a no-fault policy of insurance, they are also excluded from recovering benefits under the assigned claims plan. MAIPF therefore asserts that under MCL 500.3173, plaintiff was disqualified from receiving benefits from the assigned claims plan because he was properly excluded from coverage under MCL 500.3009 and MCL 500.3113. This argument is unpersuasive.

Under MCL 500.3173, "[a] person who because of a limitation or exclusion in sections 3105 to 3116 is disqualified from receiving personal protection insurance benefits under a policy otherwise applying to his accidental bodily injury is also disqualified from receiving benefits under the assigned claims plan." In other words, in order for MAIPF to properly reject plaintiff's claim, MAIPF must show that plaintiff was (1) subject to a limitation or exclusion under sections 3105 to 3116; and (2) disqualified from receiving benefits under an insurance policy. MAIPF can show that plaintiff was disqualified from receiving benefits from USA Underwriters, but MAIPF cannot show that it was permitted to disqualify plaintiff by virtue of sections 3105 to 3116.

Plaintiff was properly disqualified from receiving benefits under the policy from USA Underwriters. Under MCL 500.3009(2), "automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person." Plaintiff was a named person in the policy and operated a vehicle. Thus, with respect to the policy issued by USA Underwriters, he was properly excluded from coverage.

MAIPF attempts to also rely on MCL 500.3009(2) in support of its argument, but that statutory section is plainly not applicable as applied to MAIPF. The relevant statute only permits MAIPF to disqualify a person if the exclusion or limitation is premised on an occurrence listed in sections 3105 to 3116. MCL 500.3009 does not fall within that statutory range.

The only potentially relevant applicable section for MAIPF between sections 3105 and 3116 is MCL 500.3113, which contains the listed exclusions for entitlement to personal protection insurance benefits. Under that section:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully.

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 31031 was not in effect.

(c) The person was not a resident of this state, unless the person owned a motor vehicle that was registered and insured in this state.

(d) The person was operating a motor vehicle or motorcycle as to which he or she was named as an excluded operator as allowed under section 3009(2).

(e) The person was the owner or operator of a motor vehicle for which coverage was excluded under a policy exclusion authorized under section 3017. [MCL 500.3113.]

The two potentially applicable exclusion from the list are (b) and (d), which permit exclusion if the excluded person was the owner or registrant of the uninsured motor vehicle involved in the accident; or if they operated a vehicle *as to which he or she was named as an excluded operator*. If plaintiff were the actual owner, constructive owner, or registrant of the Honda Pilot, MCL 500.3113(d) could have possibly applied. Likewise, had plaintiff been driving the Dodge Charger, and not the Honda Pilot, during the December 8, 2020 accident, MCL 5003113(d) could have applied because plaintiff was named as an excluded operator in the policy for the Charger. Defendant did not argue below plaintiff was an actual or constructive owner or a registrant of the Honda Pilot, and plaintiff was not driving a vehicle for which he was named as an excluded operator, he was driving an uninsured vehicle—the Honda Pilot. Because MAIPF cannot rely on MCL 500.3113(d), and because no other exclusion in 3105 to 3116 applies, the trial court did not err when it denied MAIPF's motion for summary disposition.

The trial court's order denying MAIPF's motion for summary disposition is affirmed, and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ James Robert Redford
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick